**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **ALEXEI DICKINSON**, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**BOSTON SCIENTIFIC CORPORATION**,<br><br>Defendant. | Case No.: 1:26-cv-14017-JEK |
| **ANTHONY MANISCALCO** and **JOSEPH MESI, II,** on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**BOSTON SCIENTIFIC CORPORATION**,<br><br>Defendant. | Case No.: 1:26-cv-14038-JEK |
| **BRIAN SCOTT**, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**BOSTON SCIENTIFIC CORPORATION**,<br><br>Defendant. | Case No: 3:26-cv-14091-JEK |

**~~[PROPOSED]~~ ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION TO CONSOLIDATE RELATED ACTIONS AND APPOINT INTERIM CLASS COUNSEL**

Having considered Plaintiffs' Unopposed Motion for Consolidation and to Appoint Interim Class Counsel, memorandum of law in support, and good cause appearing therefore, the Court ORDERS as follows:

1. Plaintiffs' Motion is **GRANTED**.

2. Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, *Alexei Dickinson v. Boston Scientific Corporation*, Case No.: 1:26-cv-14017 (filed September 1, 2026), *Anthony Maniscalco and Joseph Mesi, II v. Boston Scientific Corporation*, Case No. 1:26-cv-14038 (filed September 2, 2026), and *Brian Scott v. Boston Scientific Corporation*, Case No. 3:26-cv-14091(filed September 4, 2026) are consolidated for pre-trial proceedings under the Master File 1:26-cv-14017 under the new case style: *In re Boston Scientific Data Breach Litigation*.

3. Any action subsequently filed in, transferred to, or removed to this Court that arises out of the same or similar alleged facts as the Consolidated Action shall be consolidated with the Consolidated Action for pre-trial purposes.

4. Having given due consideration to the relevant and persuasive factors set forth in Federal Rule of Civil Procedure 23(g)(1)(A)(i)-(iv) and finding that the proposed counsel meet the adequacy requirements thereunder, Casondra Turner of Milberg, PLLC, Raina C. Borrelli of Strauss Borrelli, PLLC and Kevin Laukaitis of Laukaitis Law LLC are appointed as Interim Class Counsel.

5. Interim Class Counsel will be responsible for and have plenary authority to prosecute any and all claims of Plaintiffs and the putative class members. Specifically, Interim Class Counsel shall have the following responsibilities, duties, and authority:

   a. To determine and present (in briefs, oral argument, or such other fashion as may be appropriate, personally or by a designee) to the Court and opposing parties the position of the Plaintiffs on all matters arising during pretrial proceedings;

b. To coordinate the initiation and conduct of discovery on behalf of Plaintiffs and the putative class consistent with the requirements of the Federal Rules of Civil Procedure;

c. To convene meetings amongst counsel;

d. To conduct settlement negotiations on behalf of Plaintiffs and the putative class;

e. To delegate specific tasks to Plaintiffs' counsel in a manner to ensure that pretrial preparation for Plaintiffs and the putative class is conducted efficiently and effectively;

f. To negotiate and enter into stipulations with opposing counsel as necessary for the conduct and efficient advancement of the litigation;

g. To monitor the activities of all counsel to ensure that schedules are being met and unnecessary expenditures of time and funds are avoided;

h. To perform such other duties as may be incidental to the proper coordination of Plaintiffs' pretrial activities or authorized by further order of this Court;

i. To serve as the primary contact for communications between the Court and other Plaintiffs' counsel;

j. To ensure that all notices, orders, and material communications are properly distributed (to the extent that they are not otherwise served on Plaintiffs' counsel via the Court's electronic filing system);

k. To communicate with Defense counsel as necessary to promote the efficient advancement of this litigation;

l. To make available to other Plaintiffs' counsel documents produced by the Defendants; and

m. To allocate attorneys' fees.

6. It is hereby **ORDERED** that this Order shall apply to any action filed in, transferred to, or removed to this Court, which relates to the subject matter at issue in this case. Plaintiffs shall file a Consolidated Complaint no later than forty-five (45) days after the entry of this Order. With the filing of the Consolidated Complaint, the Court directs interim class counsel to also file a

position statement as to whether or not the cases reassigned and consolidated with this underlying action may be closed upon the filing of the Consolidated Complaint.

7. Once a Consolidated Complaint is filed, Defendant shall have forty-five (45) days to answer or otherwise respond to the complaint. If Defendant moves to dismiss, Plaintiffs shall have forty-five (45) days to respond to that motion and Defendant shall have twenty-one (21) days to file a reply.

**IT IS SO ORDERED.**

DATED: September 24, 2026

Julia Kobick

**Honorable Julia E. Kobick**